LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818) 478-2822 (Office)
(818) 436-5966 (Fax)
e-mail: ldell@louisdell.com

Attorney for Plaintiffs,
BYRON JOHNSON and
KIMBERLY TUCKER

FILED
CLERK, U.S. DISTRICT COURT
AUG 28 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

BYRON JOHNSON,
KIMBERLY TUCKER,

    Plaintiffs,

vs.

DENNIS P. BLOCK &
ASSOCIATES,
DENNIS P. BLOCK,
and DOES 1 to 10, inclusive,

    Defendants.

CASE NO. CV13-6298 DSF (SHx)

COMPLAINT FOR DAMAGES and
DEMAND FOR JURY TRIAL

Plaintiffs, BYRON JOHNSON and KIMBERLY TUCKER, by their attorney, state as follows:

## INTRODUCTION

1. This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*] which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. 1692(e).

-1-

Complaint for Damages and Demand for Jury Trial

Non-compliance with the regulations will subject the debt collector to liability. 15 U.S.C. § 1692k.

## JURISDICTION

3. This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d), and supplemental jurisdiction over any state law claims asserted herein.

## PARTIES

4. Plaintiff BYRON JOHNSON is a natural person, and resides in the State of California, County of Los Angeles. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and is entitled to protection under the Fair Debt Collection Practices Act.

5. Plaintiff KIMBERLY TUCKER is a natural person, and resides in the State of California, County of Los Angeles. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and is entitled to protection under the Fair Debt Collection Practices Act.

6. Plaintiffs BYRON JOHNSON and KIMBERLY TUCKER are sometimes collectively referred to as "Plaintiffs." During all material times, Plaintiffs were married to each other and have resided together.

7. Defendant, DENNIS P. BLOCK, is an attorney, licensed by the State of California, who maintains a law practice within Los Angeles County, California. This defendant is a debt collector within the definition of Title 15, United States Code, § 1692a(6). As a debt collector, this defendant's business includes the collection of any debts, or is one which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant, DENNIS P. BLOCK & ASSOCIATES, is law practice with its principle place of business in Valley Village, California, County of Los Angeles. This defendant is a debt collector within the definition of Title 15, United States Code, § 1692a(6). As a debt collector, this defendant's business includes the collection of any debts, or is one which regularly collects or attempts to collect,

Complaint for Damages and Demand for Jury Trial

directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Plaintiff is informed and believes that DENNIS P. BLOCK is an owner/operator of DENNIS P. BLOCK & ASSOCIATES. Defendants DENNIS P. BLOCK and DENNIS P. BLOCK & ASSOCIATES are referred to collectively as "Block."

10. The Block defendants maintain a website (http://www.evict123.com) wherein Block holds itself out as an eviction and debt collection law firm. Among other things, its website advertises:

(A) that it employs "the best sources for obtaining information on your tenant's employment and bank account information. We continue to check these sources every 6 MONTHS. In many cases your non-working tenant will get a job or open a bank account and we will be there to either garnish their wages or attach the bank account."

(B) that it files "an abstract of judgment in the county recorder's office where the judgment was obtained. The filing of an abstract is the process for formally recording the judgment. This will impair your tenant's credit for at least 10 YEARS. It will also prevent your tenant from buying or selling real property, financing a vehicle, or possibly obtaining a credit card without first paying off your judgment."

(C) that it will "continually send letters to your tenant informing them that this process will not end until the debt is paid. You would be surprised how effective our letters can be."

(D) that there "are no fees charged unless we collect from your tenant.

11. Defendant Block's website contains a "Collection Agreement" which requires the creditor to assign the debt to defendant Block, cease all collections with the debtor. The agreement gives block the right to retain a 50% commission on all portions of the debt collected.

12. At all times relevant, the defendants were attempting to collect or collecting a

-3-

Complaint for Damages and Demand for Jury Trial

debt within the definition of Title 15, United States Code, § 1692a(5) which means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

14. At all times material, each defendant was the agent, servant, and employee of the other defendant, and, at all such times, was acting pursuant to and within the course and scope of such relationships.

## FACTUAL ALLEGATIONS

15. On or about August 2009 the plaintiffs entered into a month-to-month residential lease agreement with their former landlord Cynthia Hudley which provided that the plaintiffs would lease the premises described as 3571 South Chesapeake Avenue, Los Angeles, CA 90016. The lease called for monthly rental payments in the amount of $1,150 per month. The lease agreement further provided that if any action or proceeding is brought by the landlord or the plaintiffs related to the lease, the prevailing party shall be entitled to recover attorney's fees not to exceed $500.00. The plaintiffs paid the first month's rent in the amount of $1,150 and also a security deposit in the amount of $1,150 for a total deposit of $2,300.

16. Some point Cynthia Hudley retained the legal services of defendant Block to evict the plaintiffs.

17. On December 30, 2009, defendant Block filed an unlawful detainer action

Complaint for Damages and Demand for Jury Trial

against the plaintiffs in the eviction action titled *Hudley v. Johnson, et. al.*, Los Angeles Superior Court Case No. 09U18457. The eviction complaint was verified by defendant Hudley and alleges that in December 2009, defendant Hudley served a three-day notice to pay rent or quit for the month of December 2009. The eviction complaint sought past-due rent in the amount of $1,150, reasonable attorney fees, and forfeiture of the agreement, and daily damages in the amount of $38.33 per day while the plaintiff's remained in possession during the period of January 1, 2010 though entry of judgment.

18. According to the defendants, the eviction action was allegedly served on the plaintiffs at the 3571 South Chesapeake Avenue, Los Angeles, CA 90016. However, the plaintiffs had already quit the premises and never received actual notice of the eviction action until October 2012 when a wage garnishment was served on plaintiff Byron Johnson's employer.

19. On February 3, 2010, defendants filed a request for entry of default against the plaintiffs which sought $1,150 in back rent demanded in the complaint, $285 in costs, and $100 in attorney fees for a total relief of $1,535.

20. On February 22, 2010, defendants obtained a default judgment which was entered in the eviction action in favor of Cynthia Hudley against the plaintiffs in the amount of $3,181.49, plus $500 in attorney fees and $285 in costs for a total of $3,966.49.

21. On August 29, 2012, a Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest was filed in which the defendants sought $1,260 in post-judgment attorney fees.

22. On August 29, 2012, the defendants obtained a writ of execution in the amount of $3,966.49 on the judgment, plus $1,260 in post-judgment attorney fees, plus $975.87 in post-judgment interest, for a total of $6,227.36. The writ sought daily interest in the amount of $1.09.

23. On October 3, 2012 the defendants filed an application for an earnings

Complaint for Damages and Demand for Jury Trial

withholding order against plaintiff Byron Johnson which was served at the 3571 South Chesapeake Avenue, Los Angeles, CA 90016 address despite the fact that the defendants knew that the plaintiffs had not lived at that location since December 2009.

24. As a result of the defendants' application for earnings withholding order, at some point in October or November 2012, plaintiff Byron Johnson's earnings were garnished. This garnishment was the first time that the plaintiffs became aware of the unlawful detainer proceedings and that a default judgment had been entered against them.

25. Plaintiffs are informed and believe that the defendants have recorded a judgment lien against each of them in the amount of no less than $6,227.36.

26. It was only at the time plaintiff Byron Johnson's wages were garnished did the plaintiffs become aware of the eviction lawsuit and the amount of the debt in which defendant Block was attempting to collect from either or both of them.

27. As of the filing of the instant lawsuit, the defendants continue to garnish the plaintiff Byron Johnson's earnings and refuse to remove the abstract of judgment. As of the period ending August 10, 2013, the defendants have collected no less than $3,724.54 from plaintiff Byron Johnson's employment earnings.

28. As a further direct and proximate result of all acts, omissions, and consequences thereof, each plaintiff has sustained statutory and actual damages including emotional distress and pecuniary loss, including:

    a. Statutory damages.

    b. All monies collected in excess of the $1,535 sought by the request to enter default.

    c. Humiliation, emotional distress, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

    d. Risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he would have been able

Complaint for Damages and Demand for Jury Trial

to obtain had the defendants not so acted. He has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or was denied credit.

29. Plaintiffs are entitled to attorney fees and costs pursuant to 15 U.S.C. § 1692k.

## FIRST CAUSE OF ACTION

30. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 of this complaint.

31. California Civil Code § 580 provides in pertinent part: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his or her complaint . . ." Any and all relief obtained by default judgment in excess of the relief demanded in the complaint is void and unenforceable.

32. Based upon the relief demanded in the unlawful detainer complaint, the maximum relief to which the defendants were legally entitled seek under a default judgment was $1,535 as requested in the Request for Entry of Default.

33. The February 22, 2010, default judgment in the total amount of $3,966.49 was void and unenforceable to the extent it was in excess of $1,535.

34. On or about October 2012 and continuing, the defendants threatened to collect and did collect on an amount in excess of what was requested in the unlawful detainer complaint.

35. The defendants caused a writ of execution and earnings assignment order to issue against the plaintiffs which threatened to collect, or did collect, an amount of debt in excess of what was legally enforceable in a default judgment.

36. The defendants violated FDCPA, Title 15, United States Code § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct of the defendant violated this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) which was not expressly authorized by the agreement creating the debt or permitted by law.

**Complaint for Damages and Demand for Jury Trial**

37. The defendants violated FDCPA, Title 15, United States Code § 1692e(2) by causing or issuing to plaintiff a false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

38. The defendants violated FDCPA, Title 15, United States Code § 1692e(4) by representing or implying that nonpayment of the debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful.

39. The defendants violated FDCPA, Title 15, United States Code § 1692e(5) by threatening to take action that cannot legally be taken.

40. The defendants violated FDCPA, Title 15, United States Code § 1692e(10) by causing or issuing communications to Plaintiff which used false representations or deceptive means to collect or attempt to collect a debt.

41. The defendants acts as described above were done intentionally with the purpose of coercing the plaintiff to pay the debt.

42. The defendants are liable to plaintiff under Federal law Title 15, United States Code § 1692k.

## SECOND CAUSE OF ACTION

43. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 of this complaint.

44. The lease agreement expressly provided that the attorney fees were not to exceed $500.00 for any legal action or proceeding. Yet, in the unlawful detainer action, the defendants obtained a writ of execution and earnings assignment order which included an additional $1,260 in post-judgment attorney fees.

45. On August 29, 2012, the defendants obtained a writ of execution and earnings assignment order which included $1,260 in post-judgment attorney fees not permitted by the lease agreement.

46. The defendants caused a writ of execution and earnings assignment order to

1  issue against the plaintiffs which threatened to collect, or did collect, an amount of
2  attorney fees in excess of what was legally permitted by law or contract.

3      47. The defendants violated FDCPA, Title 15, United States Code § 1692f by
4  using unfair or unconscionable means to collect or attempt to collect any debt.
5  Without limiting the general application of the foregoing, the following conduct of
6  the defendant violated this section: (1) The collection of any amount (including any
7  interest, fee, charge, or expense incidental to the principal obligation) which was not
8  expressly authorized by the agreement creating the debt or permitted by law.

9      48. The defendants violated FDCPA, Title 15, United States Code § 1692e(2) by
10  causing or issuing to plaintiff a false representation of the character, amount, or legal
11  status of any debt; or any services rendered or compensation which may be lawfully
12  received by any debt collector for the collection of a debt.

13      49. The defendants violated FDCPA, Title 15, United States Code § 1692e(4) by
14  representing or implying that nonpayment of the debt will result in the seizure,
15  garnishment, attachment, or sale of any property or wages of any person unless such
16  action is lawful.

17      50. The defendants violated FDCPA, Title 15, United States Code § 1692e(5) by
18  threatening to take action that cannot legally be taken.

19      51. The defendants violated FDCPA, Title 15, United States Code § 1692e(10)
20  by causing or issuing communications to Plaintiff which used false representations or
21  deceptive means to collect or attempt to collect a debt.

22      52. The defendants acts as described above were done intentionally with the
23  purpose of coercing the plaintiff to pay the debt.

24      53. The defendants are liable to plaintiff under Federal law Title 15, United
25  States Code § 1692k.

### THIRD CAUSE OF ACTION

27      54. Plaintiff repeats and realleges the allegations of paragraphs 1 through 51 of
28  this complaint.

Complaint for Damages and Demand for Jury Trial

55. The FDCPA, Title 15 U.S.C. § 1692d prohibits engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

56. The following actions on the part of the defendants violated this section, either taken individually or on combination:

    a. The defendants caused a writ of execution and earnings assignment order to issue against the plaintiffs which threatened to collect, or did collect, an amount of debt in excess of what was legally enforceable in a default judgment.

    b. The defendants caused a writ of execution and earnings assignment order to issue against the plaintiffs which threatened to collect, or did collect, an amount of attorney fees in excess of what was legally permitted by law or contract.

57. The defendants acts as described above were done intentionally with the purpose of coercing the plaintiff to pay the debt.

58. The defendants are liable to plaintiff under Federal law Title 15, United States Code § 1692k.

WHEREFORE, each plaintiff prays judgment in his/her favor against the defendants as follows:

### FOR THE FIRST CAUSE OF ACTION:

1. Actual damages sustained by each plaintiff;
2. Statutory damages of no less than $1,000 for each plaintiff;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

### FOR THE SECOND CAUSE OF ACTION:

1. Actual damages sustained by each plaintiff;
2. Statutory damages of no less than $1,000 for each plaintiff;
3. Reasonable attorney fees;
4. Costs of suit; and

5. For such further relief as the court may deem just and equitable.

### FOR THE THIRD CAUSE OF ACTION:

1. Actual damages sustained by each plaintiff;
2. Statutory damages of no less than $1,000 for each plaintiff;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 27, 2013

LAW OFFICE OF LOUIS P. DELL

Louis P. Dell, Esq.
Attorney for Plaintiffs,
BYRON JOHNSON and
KIMBERLY TUCKER

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BYRON JOHNSON,
KIMBERLY TUCKER

**DEFENDANTS**
DENNIS P. BLOCK & ASSOCIATES,
DENNIS P. BLOCK

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
LOUIS P. DELL, ESQ. (SBN 164830), LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.   818-478-2822
Burbank, CA 91502

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be Determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. § 1692

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: **CV13- 6298**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date August 27, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |